■ KENDALL J. CERUTI et al., Respondents, v SHERRI L. ABERNATHY et al., Appellants. [728 NYS2d 445] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about November 15, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The medical report that plaintiffs submitted, opining that plaintiff had suffered "permanent" injuries in the motor vehicle accident—a report prepared by a physician who saw plaintiff for the first time after defendants moved for summary judgment, and nearly two years after plaintiff last received treatment relating to the accident—was insufficient to overcome the medical evidence that defendants submitted, which indicated that plaintiff's injuries had resolved within about six months after the accident. The physician's diagnostic statements, simply "conclusory assertions tailored to meet statutory requirements," were insufficient to raise an issue of fact as to whether a serious injury exists (*Lopez v Senatore*, 65 NY2d 1017, 1019). Plaintiffs also failed to explain the gap of almost two years between the termination of plaintiff's initial course of treatment for his injuries and the commencement of the alleged present course of treatment by this physician (*Bandoian v Bernstein*, 254 AD2d 205, 206). Plaintiff's present complaints, as the physician reported them—some neck pain, lower back pain and stiffness and headaches—do not constitute "permanent loss of use of a body organ, member, function or system" or "significant limitation of use of a body function or system" under Insurance Law § 5102 (d) (*see, Oberly v Bangs Ambulance*, 96 NY2d 295; *Collins v Jost*, 281 AD2d 175). Nor do either his absence from school for 20 full days and three half-days or his refraining, on doctor's orders, from participating in physical education for the remaining three months of the school

year meet the "serious injury" threshold of section 5102 (d) by preventing him "from performing *substantially all* of the material acts which constitute [his] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following" the accident (emphasis added) (*see, Licari v Elliott*, 57 NY2d 230). Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.