■ TERRY MOSES, Appellant, v GELCO CORPORATION et al., Respondents, et al., Defendants. [880 NYS2d 291]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 19, 2008, directing entry of judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants met their initial burden of demonstrating the lack of a serious injury by submitting the affirmed reports of various physicians establishing that plaintiff's injuries were the result of a degenerative condition (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]), and documentary evidence showing that plaintiff was involved in another accident three years before the subject accident for which he brought a lawsuit alleging injuries virtually identical to those alleged in this lawsuit (*see Becerril v Sol Cab Corp.*, 50 AD3d 261, 261-262 [2008]).

Plaintiff's opposition, which sought to establish a serious injury under the 90/180 category, failed to offer the requisite "competent medical proof" of incapacity caused by the accident (*Rossi v Alhassan*, 48 AD3d 270, 271 [2008]; *see also Marsh v City of New York*, 61 AD3d 552 [2009] [absent evidence sufficient to raise an issue of fact as to causation, plaintiff's 90/180 claim also lacks merit]). Indeed, plaintiff's medical evidence, namely, the affidavit of his chiropractor, which failed to address,

let alone refute, the degenerative causation found by defendants' physicians, and did not purport to explain why the prior accident could be ruled out as the cause of plaintiff's current alleged limitations, was aptly characterized by the motion court as speculative (*see Montgomery v Pena,* 19 AD3d 288, 290 [2005]; *Style v Joseph,* 32 AD3d 212, 215 [2006]). We note that plaintiff's claim that at the time of the accident he had been working in his physically demanding job for well over a year without complaint—meant to show that he had healed from the injuries sustained in the prior accident—is directly contradicted by his deposition testimony in the other lawsuit. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, De-Grasse and Freedman, JJ.