■ EFRAIN CRUZ, Appellant, v SANDRA LUGO et al., Respondents. [889 NYS2d 560]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 16, 2008, which granted defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the mean-

ing of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants met their initial burden of establishing prima facie that plaintiff did not sustain a serious injury by submitting the reports of experts who, after examining plaintiff and reviewing MRI studies taken shortly after the accident, diagnosed resolved strain or sprain of the cervical and lumbar spine and resolved sprain of the left shoulder, with full range of motion in both areas. One of the experts reported that an MRI study of plaintiff's lumbar spine taken three months after the accident showed degenerative disc disease with mild disc desiccation and mild posterior annular bulging unrelated to the accident.

In opposition, plaintiff submitted reports by a number of experts who opined that he suffered, inter alia, from lumbosacral and cervical sprain or strain, disc bulge, shallow central disc herniation and that he had limited ranges of motion in his cervical and lumbar spine and left shoulder. However, he failed to raise an issue of fact as to the cause of these injuries, since only one of his experts addressed the issue whether the disc bulging or herniation noted in the MRIs was the result of a degenerative condition, and he opined that plaintiff suffered from degenerative disc disease (*see Valentin v Pomilla*, 59 AD3d 184, 186 [2009]). Moreover, six months after the accident, plaintiff was discharged from the care of his treating doctor, who at that time found nothing wrong with plaintiff's neck or left shoulder and only a minimal to mild restriction of the range of motion of plaintiff's lower back. Plaintiff's reference to "financial issues" is an inadequate explanation for the 15-month gap in his treatment in view of the fact that he remained employed (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.