JOSHUA WEINBERG, Appellant, v OKAPI TAXI, INC., et al., Respondents. [899 NYS2d 597]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered March 6, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to rebut defendants' prima facie showing that there was no "permanent consequential limitation" or "significant limitation" of use of his ankle (Insurance Law § 5102 [d]). Plaintiff's orthopedist consistently reported a full range of motion of the ankle. Plaintiff claims limitations as to prolonged standing, walking, kneeling, or sitting, but he sets forth no objective basis for comparing these limitations "to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Nor does he address the degenerative changes noted in the X-ray report from the emergency room or the opinion of defendants' expert that plaintiff's injuries predated the accident (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]). Plaintiff also submitted no objective medical proof that he could not perform substantially all his daily activities for 90 of the first 180 days following the accident (*see Rossi v Alhassan*, 48 AD3d 270 [2008]). His claimed inability to work for more than 90 days is not dispositive of the existence of a 90/180 category injury (*Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]). Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30491(U).]**