■ Maria Rosa-Diaz, Appellant, v Maria Auto Corp., Respondent, et al., Defendants. [913 NYS2d 51]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about July 22, 2009, which, in this action seeking damages for personal injuries purportedly suffered by a pedestrian as the result of being struck by a metal object thrust up by a motor vehicle, granted defendants' motion for summary judgment dismissing the complaint on the ground of lack of serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants satisfied their initial burden of establishing, prima facie, the absence of any triable questions of fact so as to entitle them to judgment as a matter of law (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]) by submitting the affirmed reports of a neurologist and orthopedic surgeon, supported by specific tests that had been performed upon plaintiff, that the subject incident did not cause her to suffer a serious injury within the contemplation of Insurance Law § 5102 (d) in the

form of a permanent consequential limitation of a body organ or a significant limitation of use of a body function or system (*see Zhijian Yang v Alston*, 73 AD3d 562, 563 [2010]; *Santiago v Bhuiyan*, 71 AD3d 485 [2010]). Moreover, notwithstanding that the orthopedic surgeon did discern a minor deficit in a single aspect of plaintiff's lumbar motion, this slight limitation was insignificant for purposes of Insurance Law § 5102 (d) (*see Cruz v Lugo*, 67 AD3d 495, 496 [2009]; *Eichinger v Jone Cab Corp.*, 55 AD3d 364 [2008]). Although plaintiff also argues that the failure of defendants' doctors to review her medical records mandated the denial of summary judgment, a prima facie showing of the absence of triable questions of fact does not require such a review as a condition for a grant of summary judgment (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 660-661 [2010]; *DeJesus v Paulino*, 61 AD3d 605, 607 [2009]).

In opposition, plaintiff failed to raise a triable issue of fact. It is significant that plaintiff has admitted that she was involved in three other accidents in addition to the one at issue, two of which happened before the subject event, the third having occurred in September 2006, but plaintiff's chiropractor totally ignored any effect of those accidents on the purported symptoms attributable to the one herein. Yet, "even where there is objective medical proof of an injury, summary dismissal of a serious injury claim may be appropriate when additional contributory factors, such as preexisting conditions, interrupt the chain of causation between the accident and the claimed injury" (*Farrington v Go On Time Car Serv.*, 76 AD3d 818, 818 [2010]; *see also Pommells v Perez*, 4 NY3d 566, 572 [2005]).

As for the 90/180-day category of serious injury, it is axiomatic that an individual's unsupported subjective claim of continuing pain and the inability to work for more than 90 days is not dispositive of the existence of a 90/180 category injury. In order to raise a question of fact there must be some objective proof, not here presented, substantiating the existence of such an injury (*see Nieves v Castillo*, 74 AD3d 535 [2010]; *Weinberg v Okapi Taxi, Inc.*, 73 AD3d 439 [2010]). Consequently, "the reference to plaintiffs' proof and deposition testimony sufficiently refuted the 90/180-day allegation of serious injury" (*DeJesus* at 607). Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.