■ WILSON CASTILLO, Respondent, v JOSE M. COLLADO et al., Appellants. [922 NYS2d 317]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 26, 2010, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the

meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established the absence of serious injury by submitting an affirmed report by an orthopedic surgeon who found, on physical examination, that the range of motion in plaintiff's left knee was normal and, on review of the MRI taken about three weeks after the accident, that there were no signs of recent trauma to the knee. Defendants also submitted an affirmed report by a radiologist who reviewed the MRI and concluded, based on the absence of evidence of current inflamation or recent trauma, that the tear she found in the medial meniscus was degenerative in origin (*see Pommells v Perez*, 4 NY3d 566, 580 [2005];. *Tsamos v Diaz*, 81 AD3d 546 [2011]). In opposition, plaintiff raised an issue of fact by submitting an affirmation by the orthopedic surgeon who performed the arthroscopic surgery on the left knee, in which he stated that plaintiff "is left with a significant permanent loss of use of the left leg," and explained the objective testing methods he employed that supported his conclusion that the injury was causally related to the accident. Plaintiff also submitted an affirmation by a radiologist who stated that he found no degenerative changes in the left knee (*see Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]). Further, plaintiff was only 21 at the time of the accident (*see Malloy v Matute*, 79 AD3d 584 [2010]).

Plaintiff also raised an issue of fact in opposition to defendants' prima facie showing as to his 90/180-day claim, by submitting his deposition testimony and affidavit setting forth the extent to which he was prevented from performing his usual activities, and an affirmation by his orthopedic surgeon, who provided the requisite objective medical evidence to support the claim (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]; *Thompson v Abbasi*, 15 AD3d 95, 100 [2005]; *Nelson v Distant*, 308 AD2d 338 [2003]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.