■ SANDRA JIMENEZ, Appellant, v NELSON J. POLANCO et al., Respondents. [931 NYS2d 304]—

Defendants established their entitlement to judgment as a matter of law. They submitted the affirmed reports of expert physicians showing that plaintiff's injuries were the result of preexisting and degenerative conditions (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]). Defendants also submitted evidence showing that plaintiff was involved in another car accident years before the subject accident for which she brought a lawsuit and alleged injuries similar to those set forth in this action (*see Becerril v Sol Cab Corp.*, 50 AD3d 261 [2008]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's medical evidence did not address the degeneration found by defendants' physicians, and did not purport to explain why the prior accident could be ruled out as the cause of her current alleged limitations (*see Moses v Gelco Corp.*, 63 AD3d 548 [2009]). Furthermore, without evidence that the injuries are related to the accident, "it does not avail plaintiff's 90/180-day claim that defendants' experts did not address [her] condition during the relevant period of time" (*Reyes v Esquilin*, 54 AD3d 615, 616 [2008]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.