Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 6, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d). The Clerk is directed to enter judgment dismissing the complaint.
The reports of defendant’s expert orthopedist and radiologist established prima facie that plaintiffs injuries were not permanent or significant because they had resolved and plaintiff had full range of motion in his cervical and lumbar spine (see Porter v Bajana, 82 AD3d 488 [1st Dept 2011]). Moreover, the radiolo *509 gist affirmed that plaintiff suffered from a preexisting degenerative condition, unrelated to trauma (id.).
In opposition, plaintiff failed to raise a triable issue of fact. The MRI reports, chiropractor report, and medical records were in inadmissible form and therefore lacked probative value (see Quinones v Ksieniewicz, 80 AD3d 506, 506 [1st Dept 2011]). The medical expert’s report, to the extent admissible, failed to raise a triable issue of fact as to causation, since the expert did not explain why plaintiffs prior injuries and degenerative condition were ruled out as the cause of his current alleged limitations (see Pommells v Perez, 4 NY3d 566, 580 [2005]; Jimenez v Polanco, 88 AD3d 604 [1st Dept 2011]). Absent evidence that plaintiffs injuries were caused by the subject accident, his 90/ 180-day claim fails (see Jimenez, 88 AD3d at 604).
Given the lack of serious injury, the issue of liability is academic (see Hernandez v Adelango Trucking, 89 AD3d 407, 408 [1st Dept 2011]). Concur — Friedman, J.E, Catterson, Renwick, DeGrasse and Román, JJ.