WILLIAM BRAVO, Appellant, v JOSE MARTINEZ et al., Respondents. [963 NYS2d 82]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 16, 2012, which granted defendants' motion for summary judgment dismissing plaintiff's complaint alleging a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer a serious injury as a result of the subject accident with evidence that plaintiff had normal range of motion in his neck, back and right shoulder, that he had preexisting injuries to each of those parts resulting from prior motor vehicle accidents in 2000, 2001 and 2006, and that his claimed shoulder injury was degenerative in origin (*see Mitrotti v Elia*, 91 AD3d 449, 449-450 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact on the issue of causation. Indeed, his expert's report did not mention the back injuries sustained by plaintiff as a result of the 2006 accident, or adequately differentiate between the shoulder condition shown in the MRI taken after the 2000 accident and that shown in the MRI taken after the subject accident (*see*

*Mitrotti*, 91 AD3d at 450; *see also Jimenez v Polanco*, 88 AD3d 604 [1st Dept 2011]).

The court properly dismissed plaintiff's 90/180-day claim because, among other things, his bill of particulars alleged just two months of confinement to home as a result of the subject accident (*see Mitrotti*, 91 AD3d at 450). Moreover, there was insufficient evidence that plaintiff's injuries were caused by the accident (*see Jimenez*, 88 AD3d at 604). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.