Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 31, 2012, which denied defendants’ motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.
Plaintiff alleges he suffered serious injuries to his right knee, cervical spine and lumbar spine in an accident that occurred when the taxi he was driving was struck in the rear by defendants’ taxi. Contrary to the motion court’s determination, defendants made a prima facie showing that plaintiff did not suffer a permanent consequential or significant limitation in any of the aforementioned body parts by submitting medical evidence that he had full range of motion in those parts. In addition, defendants’ radiologist and orthopedist reviewed the MRIs of the subject parts, and each opined that plaintiff had suffered a prior injury to his right knee and had preexisting degenerative conditions in each of the parts (see McArthur v Act Limo, Inc., 93 AD3d 567, 568 [1st Dept 2012]; Mitrotti v Elia, 91 AD3d 449, 449-450 [1st Dept 2012]).
In opposition, plaintiff failed to submit evidence in admissible form sufficient to raise an issue of fact as to whether he had suffered injuries caused by the accident, or whether he had any permanent or significant limitations. The unaffirmed MRI reports submitted by plaintiff noted degenerative changes in the spine and right knee and a likely prior knee fracture, consistent with the findings noted in defendants’ physicians’ reports. Notwithstanding the uncontroverted evidence of preexisting conditions unrelated to the accident, plaintiff’s physicians ignored the effect of those prior conditions, presented no evi *576 dence that the claimed injuries were different from the preexisting conditions, and failed to otherwise explain why those preexisting conditions were ruled out as the cause of his current, alleged limitations (see Pommells v Perez, 4 NY3d 566, 580 [2005]; Rampersaud v Eljamali, 100 AD3d 508, 509 [1st Dept 2012]). Plaintiff also failed to submit evidence of sufficiently recent range-of-motion deficits or qualitative limitations in the use of his right knee, lumbar spine or cervical spine (see Mitrotti, 91 AD3d at 450; Vega v MTA Bus Co., 96 AD3d 506, 507 [1st Dept 2012]).
Absent evidence that plaintiffs injuries were caused by the subject accident, his 90/180-day claim also fails (see Rampersaud, 100 AD3d at 509).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Renwick, ManzanetDaniels, Gische and Clark, JJ.