(March 19, 2015)

■ MACDELINNE F., an Infant, by Her Mother and Natural Guardian, INMACULADA Z., et al., Appellants, v YOLANDA JIMENEZ et al., Respondents. [6 NYS3d 40]—

Order, Supreme Court, New York County (Arlene P. Bluth,

J.), entered July 15, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to plaintiff Macdelinne F.'s (Macdelinne) claims of "permanent consequential" and "significant" limitations of use of her left knee, and otherwise affirmed, without costs.

Defendants established prima facie that Macdelinne did not suffer a serious injury by submitting an orthopedist's report finding full range of motion and negative clinical test results upon examination of the left knee and a radiologist's report finding that the MRI performed on that knee was normal (*see Harrigan v Kemmaj*, 85 AD3d 559 [1st Dept 2011]; *Gibbs v Hee Hong*, 63 AD3d 559, 559 [1st Dept 2009]).

In opposition, plaintiffs raised a triable issue of fact as to the existence of a "significant" or "permanent consequential" limitation of use by submitting affirmations by a radiologist who found that the MRI showed evidence of a tear in the posterior horn of the medial meniscus and Macdelinne's treating physicians, who found limitations in range of motion at a recent examination and opined that the knee injury was caused by the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Unaffirmed medical reports prepared by her physicians during the period following the accident were properly considered because defendants' orthopedist relied on them in forming his opinion (*see Pantojas v Lajara Auto Corp.*, 117 AD3d 577 [1st Dept 2014]; *Thompson v Abbasi*, 15 AD3d 95, 97 [1st Dept 2005]).

If Macdelinne establishes a serious injury to her left knee at trial, she will be entitled to recover damages for all injuries incurred as a result of the accident, even those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]).

Defendants met their initial burden as to Macdelinne's 90/ 180-day claim through Macdelinne's testimony that she was confined to bed and home for only one or two weeks after the accident (*Mitrotti v Elia*, 91 AD3d 449 [1st Dept 2012]; *Jean v Kabaya*, 63 AD3d 509 [1st Dept 2009]). The evidence that her doctors directed her to refrain from participating in gym class, taking stairs, running, or jumping is insufficient to raise an issue of fact whether she was prevented from performing "substantially all of the material acts which constitute [her] usual and customary daily activities" during the relevant period (Insurance Law § 5102 [d]; *see Ceruti v Abernathy*, 285 AD2d 386, 387 [1st Dept 2001]).

Defendants established prima facie that plaintiff Carmen Zapata suffered no "permanent consequential" or "significant" limitation of use through their radiologist's opinion that the MRIs performed on her cervical spine, lumbar spine, and shoulders showed changes, including disc desiccation, osteophytes, and tendinosis, that were degenerative in nature, with no evidence of traumatic injury (*see Kamara v Ajlan*, 107 AD3d 575, 575 [1st Dept 2013]; *Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613, 614 [1st Dept 2013]). They also submitted the report of an orthopedist who found full range of motion in the cervical spine and voluntary or exaggerated limitations in the lumbar spine and shoulders that did not correlate with objective evidence of injury.

In opposition, Zapata submitted medical evidence of persisting limitations in range of motion in all parts, but she failed to raise a triable issue of fact as to causation, since she did not submit any medical evidence addressing the cause of her injuries (*see Rosa v Mejia*, 95 AD3d 402, 404-405 [1st Dept 2012]). Notably, Zapata's own medical evidence acknowledged degenerative changes in the cervical spine.

Given her failure to raise a triable issue of fact as to causation, Zapata's 90/180-day injury claim was correctly dismissed (*see Rampersaud v Eljamali*, 100 AD3d 508, 509 [1st Dept 2012]). We note in addition that Zapata testified that she was not confined to bed or home after the accident. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.