LAURA SUSINO et al., Respondents, v MICHAEL PANZER, Appellant. [7 NYS3d 120]—

Order, Supreme Court, Bronx County (Mitchell Danziger, J.), entered May 29, 2013, which denied defendant's motion for summary judgment dismissing the complaint on the issue of liability or, alternatively, dismissing plaintiff Rosalia Susino's claims on the issue of serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant's and plaintiff Laura Susino's differing versions of the way the motor vehicle accident happened present issues of fact as to liability for the accident (*see Talansky v Schulman*, 2 AD3d 355, 357 [1st Dept 2003]). Defendant testified that plaintiffs' vehicle unlawfully crossed a double yellow line and passed one or more vehicles before colliding with his vehicle. Laura testified that defendant failed to yield the right of way as he was exiting from a parking lot, and negligently entered the road against the flow of traffic. Contrary to defendant's contentions, the photographs of the accident location submitted by plaintiffs do not conclusively refute plaintiffs' testimony, and Laura's affidavit does not contradict her deposition testimony.

Defendant failed to establish prima facie that plaintiff Rosalia Susino did not sustain a serious injury as a result of the accident, since his own experts found significantly limited ranges of motion in Rosalia's cervical and lumbar spine, with a 65% limitation in the range of motion in her back nearly two years after the accident (*see Suazo v Brown*, 88 AD3d 602 [1st Dept 2011]). Moreover, while defendant's radiologist opined that the MRI films of Rosalia's cervical and lumbar spine showed only preexisting degenerative conditions, defendant also submitted other MRI reports finding disc bulges and herniations and Rosalia's treating physician's report causally relating the injuries to the accident. In any event, plaintiffs submitted the affirmed report of Rosalia's radiologist, who opined that the MRI findings were causally related to the accident, and the affirmed report of her treating physician, who found continuing limitations in range of motion and opined that her condition was caused by the accident and was permanent (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]).

Defendant submitted no evidence refuting Rosalia's claim that she was disabled from performing her usual and customary activities for at least 90 of the first 180 days following the accident (*see Singer v Gae Limo Corp.*, 91 AD3d 526 [1st Dept 2012]). In any event, Rosalia's treating physician's report states that Rosalia was "totally disabled" and "unable to engage in

any of her normal daily activities for at least four months immediately following the accident" (*see Castillo v Collado*, 83 AD3d 581 [1st Dept 2011]).

We have considered defendant's remaining contentions, and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.