Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 20, 2015, which granted defendant’s mo *646 tion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of significant and permanent consequential limitation of use of the lumbar spine and left shoulder and significant limitation of use of the right wrist, and otherwise affirmed, without costs.
Defendant established prima facie that plaintiff did not sustain a permanent consequential or significant limitation of use of the cervical spine by submitting his orthopedist’s and neurologist’s reports finding no significant limitations, negative clinical results, and a resolved sprain (see Thomas v NYLL Mgt. Ltd., 110 AD3d 613 [1st Dept 2013]). In addition, defendant’s radiologist found degenerative disc disease and no post-traumatic changes in plaintiff’s cervical spine (see Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]). Plaintiff does not argue on appeal that a triable issue of fact exists as to a serious injury of his cervical spine.
Defendant failed to establish that plaintiff did not sustain a permanent consequential or significant limitation of use of the lumbar spine resulting from the September 2010 motor vehicle accident, since his own orthopedist found a significant limitation in flexion during his July 2013 evaluation of plaintiff (see Susino v Panzer, 127 AD3d 523 [1st Dept 2015]). Moreover, although defendant’s radiologist found in the MRI film an unremarkable spine and no post-traumatic changes, his orthopedist’s report refers to an MRI report on the same film finding a disc bulge with left foraminal herniation and impingement, and an EMG/NV report finding L5 radiculopathy.
Defendant failed to establish that plaintiff did not sustain a permanent consequential or significant limitation of use of the left shoulder. He did not submit MRI findings by his radiologist, but his orthopedist’s report refers to an MRI report finding “partial thickness tear of the acromioclavicular ligament superiorly and interiorly,” and his orthopedist and neurologist found persisting limitations in the shoulder during their July 2013 examinations of plaintiff. Defendant submitted no proof that these injuries were not causally related to the accident.
Defendant established prima facie that plaintiff did not sustain a permanent consequential or significant limitation of use of the right wrist by submitting his radiologist’s MRI report finding degenerative changes and no acute or traumatic injuries (see Macdelinne F., 126 AD3d at 551). In opposition, plaintiff raised a triable issue of fact as to a significant limitation of use of his wrist by submitting his radiologist’s MRI *647 report finding tears in the ligaments and his treating physiatrist’s report and an orthopedist’s report finding limitations and a disability of the hand during their December 2010, February 2011, May 2011, and July 2011 evaluations. Although unaffirmed, the radiologist’s report may be considered since it is not the sole basis for plaintiff’s opposition (see Rivera v Super Star Leasing, Inc., 57 AD3d 288 [1st Dept 2008]). Further, the orthopedist’s opinion as to causation, which was based on his examinations, plaintiff’s reported history, and a review of the medical records, is sufficient to raise an issue of fact as to causation (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Grant v United Pavers Co., Inc., 91 AD3d 499 [1st Dept 2012]). However, to the extent plaintiff relies on the physicians’ March 2012 and March 2014 findings of limitations to demonstrate permanency, his reliance is misplaced since neither expert addresses the effects of a subsequent (Nov. 2011) accident on the injuries (see Pommells v Perez, 4 NY3d 566, 574-575 [2005]).
Defendant established that the 90/180-day injury claim should be dismissed (see Mitrotti v Elia, 91 AD3d 449 [1st Dept 2012]). Plaintiff alleged in his bill of particulars that he was confined to bed for at most only two weeks, and confined to home for at most a week, after the accident. His claim that he did not work more than 90 days during the relevant period is not dispositive (see Weinberg v Okapi Taxi, Inc., 73 AD3d 439 [1st Dept 2010]).
Concur — Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.