Medina-Ortiz v Seda (2018 NY Slip Op 00227)





Medina-Ortiz v Seda


2018 NY Slip Op 00227


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5429

[*1]Elsa Medina-Ortiz, Plaintiff-Appellant,
v
Luis A. Seda, Defendant-Respondent.


Hausman & Pendzick, Harrison (Alan R. Gray, Jr. of counsel), for appellant.
Russo & Tambasco, Melville (Yamille Al-Sullami of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered July 21, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of her entitlement to summary judgment on the issue of liability through her affidavit averring that her car was stopped when it was hit in the rear by defendant's car (see e.g. Cruz v Lise, 123 AD3d 514 [1st Dept 2014]). The burden then shifted to defendant "to come forward with an adequate nonnegligent explanation for the accident" (Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
Defendant met his burden through his affidavit averring that, after he exited onto Bruckner Boulevard, a service road, he saw plaintiff's car stopped in the middle lane, and then suddenly begin backing up, thereby "causing the accident." Viewing the facts in the light most favorable to defendant, and giving him the benefit of every available inference in his favor as the nonmoving party on this summary judgment motion (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), the record would permit a factfinder to conclude that plaintiff was negligent, and that her negligence was the sole or a proximate cause of the accident. Thus, the court properly concluded that the parties' differing versions of how the accident occurred precluded summary judgment (see Susino v Panzer, 127 AD3d 523, 524 [1st Dept 2015]; DeRosa v Valentino, 14 AD3d 448 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK