Ogando v National Frgt., Inc. (2018 NY Slip Op 08190)





Ogando v National Frgt., Inc.


2018 NY Slip Op 08190


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7752 309337/12

[*1]Alexis Ogando, et al., Plaintiffs-Appellants,
v
National Freight, Inc., et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellants.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (James E. Kimmel of counsel), for National Freight, Inc. and Anthony Stephen Ostopoff, respondents.
Russo & Tambasco, Melville (Yamile Al-Sullami of counsel), for Jael A. Vasquez, respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about June 7, 2017, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that neither plaintiff met the statutory serious injury threshold under the No-Fault Law (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]).
Plaintiff Ogando's medical records included an MRI report showing multilevel degenerative disc disease (see Andrade v Lugo, 160 AD3d 535, 536 [1st Dept 2018]), and his expert failed to sufficiently raise an issue of fact by challenging the findings of degenerative disease or otherwise attempting to connect plaintiff's injuries to this accident (Campbell v Drammeh, 161 AD3d 584, 585 [1st Dept 2018]). Ogando's expert also failed to address a prior motor vehicle accident which resulted in claimed lower back and neck injuries or to negate any inference that that accident was the cause of plaintiff's current conditions (see Moses v Gelco Corp., 63 AD3d 548, 548-549 [1st Dept 2009]). Finally, Ogando provided inconsistent explanations for his complete cessation of treatment after three months (see Alston v Elliott, 159 AD3d 575, 576 [1st Dept 2018]).
Plaintiff Aybar's claim was also properly dismissed, as she testified that she stopped treatment because her doctors told her it was no longer necessary, and her medical records indicated that she had normal range of motion when treatment ceased. Her later assertion that she stopped medical treatment after no fault benefits expired was in direct conflict with her earlier testimony and thus failed to raise an issue of fact (see Vila v Foxglove Taxi Corp., 159 AD3d 431, 431 [1st Dept 2018]). Moreover, her expert physician only documented a five degree limitation in one plane of motion, which is insufficient for a finding of serious injury under the statute (see Gaddy v Eyler, 79 NY2d 955, 957 [1992]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK