G.G.N. v Ramos (2019 NY Slip Op 03137)





G.G.N. v Ramos


2019 NY Slip Op 03137


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9088 23140/16E

[*1]G.G.N., an Infant under the Age of Eighteen Years by Gamil N. as parent and natural guardian et al., Plaintiffs-Respondents,
v
Precious P. Ramos, et al., Defendants-Appellants.


Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for appellants.
Shapiro Law Offices, PLLC, Bronx (Ernest S. Buonocore of counsel), for respondents.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered May 3, 2018, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On April 20, 2016, at about 3:26 p.m., then 11-year-old infant plaintiff G.G.N. (plaintiff) was walking east to west in the crosswalk of the Grand Concourse at its intersection with East 165th Street when he was struck by a 2013 Chevrolet Malibu owned by defendant Venus E. Cherrington and operated by defendant Ramos.
According to the police accident report, Ramos was driving Cherrington's car "southbound on Grand Concourse in the center lane approaching intersection of East 165 St with a steady green traffic signal" when he struck plaintiff, who "was crossing from East to West across Grand Concourse in the north side marked crosswalk against pedestrian crossing signal" after "emerging from behind an uninvolved vehicle which was stopped in the left turn only lane of the southbound Grand Concourse."
Ramos testified that he was in the left lane with the green light when the accident happened. He was traveling at about 25 miles per hour until the impact. Ramos testified that plaintiff was running and to Ramos's left when he "just came behind an SUV, a big utility vehicle" that was waiting before the crosswalk at the red light controlling the lane to turn left. Plaintiff was in the crosswalk when the accident happened and Ramos did not see him until a "couple of seconds" before the accident.
Plaintiff's brother and another eyewitness maintained that plaintiff was in the crosswalk and almost to the other side of the street when the light turned green and Ramos accelerated, striking plaintiff.
Defendants moved for summary judgment on the issue of liability. Defendants argued that they could not be held liable for plaintiff's injuries because the record showed that Ramos had the right of way, was traveling at a reasonable speed, and did not see plaintiff until after he ran out from the SUV about 10 feet away from Ramos's vehicle, leaving Ramos with less than two seconds to react.
Plaintiffs cross-moved for summary judgment on liability, asserting that the record established that plaintiff was in the marked crosswalk when the accident happened and that his injuries were the result of Ramos's violation of Vehicle and Traffic Law § 1111 by failing to yield the right of way or use reasonable care to avoid striking plaintiff. Plaintiffs asserted that they were entitled to a lesser burden of proof in light of the fact that plaintiff is incapacitated.
The motion court denied the cross motions on liability, finding triable issues of fact [FN1]. We now affirm.
Summary judgment is precluded where, as here, there are differing versions as to how an accident occurred (see Medina- Ortiz v Seda, 157 AD3d 499 [1st Dept 2018]; Martinez v Clean Air Car Serv. & Parking Branch One, LLC, 148 AD3d 569 [1st Dept 2017]; Susino v Panzer, 127 AD3d 523, 524 [1st Dept 2015]; Ramos v Rojas, 37 AD3d 291, 292 [1st Dept 2007]; DeRosa v Valentino, 14 AD3d 448 [1st Dept 2005]). Defendant Ramos maintains that he had the light and was traveling at 25 miles per hour when plaintiff darted from behind the car in the turn lane; plaintiffs' witnesses claim that plaintiff was crossing lawfully in the crosswalk when the light changed and Ramos abruptly accelerated.
Plaintiffs, however, should receive the benefit of a jury charge under the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76, 80-81 [1948]), which permits a plaintiff to prevail on a lesser degree of proof, since it is undisputed that plaintiff is unable to speak and confined to a hospital bed as a result of the accident (see Williams v Hooper, 82 AD3d 448, 449-453 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK



Footnotes

Footnote 1:The court granted plaintiffs' cross motion for summary judgment on the issue of serious injury. That ruling is not at issue on the appeal.