Harvey v New York Foundling Hosp.

2026 NY Slip Op 02601

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Virginia A. Harvey, Appellant,

v

The New York Foundling Hospital et al., Respondents.

Decided and Entered: April 28, 2026

Index No. 453052/21|Appeal No. 6485|Case No. 2025-03954|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Pollard Law Group, P.C., New York (Jonathan C. Pollard of counsel), for appellant.

Law Offices of Galvano & Xanthakis, Staten Island (Matthew D. Kelly of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (James G. Clynes, J.), entered March 24, 2025, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102(d), unanimously affirmed, without costs.

Supreme Court correctly found that defendants established that plaintiff did not suffer a serious injury to her right shoulder, head, and spine related to the subject May 2020 motor vehicle accident, but rather had preexisting injuries for which she received treatment after an earlier motor vehicle accident on March 30, 2019. Defendants met their prima facie burden by submitting expert reports which compared MRI films of plaintiff's cervical and lumbar spine before and after the subject accident and concluded that plaintiff's alleged injuries were preexisting, chronic, and degenerative, and not causally related to the May 2020 accident (see Monahan v Reyes, 184 AD3d 460, 460 [1st Dept 2020]). As to plaintiff's right shoulder, defendants' experts opined that the MRI did not indicate a labral tear and that any discomfort was chronic and inflammatory in nature (see id.).

In opposition, plaintiff failed to raise a triable issue of fact. Her expert's affirmation did not address a prior motor vehicle accident "and did not purport to explain why the prior accident could be ruled out as the cause of her current alleged limitations" (Jimenez v Polanco, 88 AD3d 604, 604 [1st Dept 2011]; see Monahan, 184 AD3d at 461). In the absence of any issue of fact as to whether plaintiff's injuries were causally related to the accident, the court properly dismissed the 90/180-day claim (see Sanchez v Steele, 149 AD3d 458, 459 [1st Dept 2017]; Jimenez, 88 AD3d at 604).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026