■ Sky Colon et al., Respondents, v Matthew J. Kempner et al., Appellants. [799 NYS2d 213]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered March 16, 2004, which, to the extent appealed from as limited by the brief, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

On June 15, 2001, plaintiffs Colon and Calle, the operator and front seat passenger of an automobile, were traveling in "stop and go" traffic when their vehicle was struck in the rear by defendants' Ryder truck. Plaintiffs drove away from the accident scene without seeking any immediate medical treatment. Colon returned to his job as a courier for Federal Express two or three days later. Complaining of lower back and neck pain, he visited a chiropractor one week later, and saw the chiropractor three or four times a week for six months for physical therapy and massages. A July 11, 2001 MRI examination of the cervical spine revealed a "[s]traightening of the normal cervical curvature . . . consistent with muscle spasm." An August 3,

---

2001 MRI examination of the lumbosacral spine revealed a "posterior bulging disc extending into the epidural fat abutting the thecal sac and bilateral S1 nerve roots." Dr. Jacob Nir examined Colon on July 13, 2001 and found that he had spasms and tenderness of the cervical paraspinal muscles with radiation to the bilateral upper extremities and a decreased range of motion in the cervical and lumbar spine in all directions of flexation, extension, and lateral rotation and bending. A spinal range of motion test performed approximately one month after the accident indicated 7% impairments in the range of motion of both the cervical spine and lumbar spine. When he saw Dr. Nir again on January 21, 2004, 2½ years after the accident, at which time he was complaining of pain in the cervical and lumbar spine with spasms and marked tenderness, Dr. Nir found that Colon had a 25% decreased range of motion of the cervical spine in all directions and 35% decreased range of motion of the lumbar spine in all directions. Dr. Nir found that these decreased ranges of motion were permanent in nature and causally related to the accident. At his pretrial deposition on November 4, 2003, Colon testified that he had been a member of the New York City Police Department for the past 15 months and that, other than lifting weights with less frequency, he could engage in all the activities he participated in prior to the accident.

Plaintiff Calle similarly did not seek medical treatment until approximately one week after the accident when, complaining of lower back pain, she saw a chiropractor. The chiropractor treated her with massage and heat therapy three or four times a week for approximately five months. An MRI taken on October 25, 2001 revealed an anterior disc bulge at L4-5 and a posterior disc herniation at L4-5. Calle did not receive any other medical treatment. She was examined by Dr. Gutstein, a neurologist, in January 2004 and diagnosed with "[l]umbar spine derangement with radiculopathy due to herniation of the disc at L4-L5 and bulging disc at L4-L5." His report notes that Calle had been treating herself with over-the-counter medication, rest and massage and restricting her activities. The report further stated that "[s]hould neurological deterioration occur, [Calle] would be a candidate for hospitalization, traction, and even surgery to remove the damaged discs." Dr. Gutstein found that her condition was caused by the June 15, 2001 accident, was permanent and would progress over time.

In support of their motion for summary judgment, defendants submitted reports from Dr. Macy, a radiologist, and Dr. Habermann, an orthopedic surgeon. Dr. Macy, who reviewed

Colon's August 2001 MRI, saw no evidence of a bulging or herniated disc or of pressure effects upon the thecal sac or nerve roots. Dr. Habermann, who examined Colon, noted that Colon, a police officer, serves on regular duty without restrictions, is not undergoing physiotherapy and does not take medication. Dr. Habermann opined that Colon "had sustained a cervical and lumbosacral sprain/strain which has resolved. He has no disability at the present time and is carrying on with his normal activities without difficulty." As to Calle, defendants relied on her testimony that she received treatment for only five months, and the fact that she failed to exchange any medical records indicating any physical limitations resulting from a disc injury. Supreme Court denied defendants' motion as to each plaintiff, finding issues of fact. We reverse and dismiss the complaint.

Both plaintiffs have failed to submit evidence demonstrating that they suffered from serious injuries as that term is defined by the Insurance Law. Colon testified that while he was treated by a chiropractor for six months after the accident, he received no treatment after that. Nor is there any evidence that he sought treatment between the time of his deposition and the filing of the papers in opposition to defendants' motion for summary judgment. This 2½-year unexplained gap in treatment is fatal to his claim of serious injury (*Pommells v Perez*, 4 NY3d 566, 574 [2005]; *see Bent v Jackson*, 15 AD3d 46, 48-49 [2005]).

Even more significant is the fact that Colon has been employed as a police officer by the New York City Police Department since approximately July 2002. That he has undergone the medical examination administered by the Department, including physical agility tests (*see Matter of City of New York v State Div. of Human Rights*, 154 AD2d 56 [1990], *lv denied* 76 NY2d 706 [1990]) and has been found medically qualified to perform—and, in fact, does perform—the duties of a police officer, is wholly inconsistent with a finding that he has sustained an injury which results in a "permanent consequential limitation of use of a body organ or member [or] significant limitation of use of a body function or system" (Insurance Law § 5102 [d]).

The 2½-year unexplained gap in treatment is similarly fatal to Calle's claim. Dr. Gutstein's report stated that further treatment would include therapy, medication and medical follow-up for symptomatic relief. Calle testified that she took one Advil a day and still had pain, but had not received any treatment following the massage and heat therapy, which ended five months after the accident, and only planned on seeing a doctor "[i]n the future, if it gets worse." Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.