■ TAYNISHA BAEZ, Appellant, v IMAMALLY RAHAMATALI et al., Respondents. [808 NYS2d 171]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered March 8, 2004, which granted defendants' motions for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff's unexplained 20-month gap in treatment is fatal to her claim of serious injury (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Colon v Kempner*, 20 AD3d 372, 374 [2005]). The dissent's assumption that plaintiff stopped treatment because there was no further benefit to continuing physical therapy is not supported by any evidence, medical or otherwise, but rather, is based on mere speculation. Dr. Graziosa never stated that plaintiff's MRI films of November 2000 and June 2001 indicated she needed surgery, not physical therapy, at that time; he only affirmed, "[w]e, at this point in time [November 2003], clearly indicate an arthroscopy of the knee." Moreover, Dr. Graziosa did not provide an explanation demonstrating that plaintiff's initial, accident-related injury was the cause of her subsequent two injuries, in February and May 2001, and thus did not establish that the prescribed surgery was occasioned by the automobile accident injury. Concur—Buckley, P.J., Marlow and Williams, JJ.

Saxe and Ellerin, JJ., dissent in a memorandum by Ellerin, J., as follows: I find that plaintiff raised an issue of fact as to whether she suffered a serious injury within the meaning of Insurance Law § 5102 (d), and accordingly would reverse the order appealed and reinstate the complaint.

Plaintiff, then 19 years old, was involved in a three-car accident on November 8, 2000, when a vehicle owned and operated by defendant Torres in which she was a passenger struck the rear of a vehicle operated by defendant Rahamatali and in turn was struck from behind by a vehicle operated by defendant Smith. The impact of the first collision caused plaintiff's left knee to strike the dashboard of Torres's car. She subsequently sought medical attention for pain in the knee and in her neck and back.

In opposition to defendants' motion for summary judgment on the issue of whether she suffered "serious injury" within the meaning of Insurance Law § 5102 (d), plaintiff submitted her own affidavit and the affirmation of Albert Graziosa, an orthopedic surgeon. In her affidavit, plaintiff averred that since the accident she has had constant pain, weakness and clicking in her knee and that her knee always feels as though it will "give way or buckle." She said that it especially hurts when she goes up and down stairs, which she does at work as a salesperson in a shoe store where the shoes are kept in the basement. Plaintiff further averred that she has difficulty sleeping because of the pain, and that since the accident she has not played handball, jogged or done the stretching and squatting exercises she was used to doing frequently.

Plaintiff averred that in May 2001 her left knee collapsed after she rose from a sitting position, causing her "exquisite pain." She was given pain medication at a hospital emergency room and discharged with crutches. On June 25, 2001, she returned to the hospital for an MRI.

Dr. Graziosa examined plaintiff on November 24, 2003 and reviewed both the MRI film that was taken of her left knee shortly after the accident, on November 28, 2000, and the aforementioned June 25, 2001 MRI film. Comparing the two, Dr. Graziosa stated that the first study revealed "what can be interpreted as a grade I to grade II changes of the medial meniscus, which may have been a partial tear, which was treated conservatively. That tear obviously progressed to the point where it became a grade III signal, an obvious medial meniscal tear on the second evaluation." He affirmed that his physical examination revealed medial joint line discomfort, crepitus and a palpable click extending posteriorly, and stated that the range of motion in plaintiff's knee was "significant for an extension of 0, flexion of about 120 degrees, which is somewhat tender at the extremes."

Dr. Graziosa affirmed that it was his opinion with a reasonable degree of medical certainty that the November 8, 2000 car accident was the direct competent cause of plaintiff's injuries, and that the injuries caused, and continue to cause, her limitation of motion and restricted ability to perform her daily activities, which include climbing and descending stairs, walking more than two or three blocks without discomfort, and athletic activities. Indeed, he indicated that an arthroscopy of plaintiff's knee was needed to address the medial meniscal tear and to prevent plaintiff from continuing to be active on a torn meniscus, which would require further, more aggressive surgery in the future.

This evidence is sufficient to raise an issue of fact as to whether plaintiff suffered a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" pursuant to Insurance Law § 5102 (d). Dr. Graziosa's findings are in direct conflict with the findings of defendants' experts as to whether there is objective evidence to substantiate plaintiff's subjective complaints of pain, discomfort and limited ability to engage in her normal activities, which complaints persist despite her protracted participation in physical therapy. Dr. Graziosa identified measurements of loss of range of motion in plaintiff's left knee, which he correlated with his finding of a tear in the medial meniscus, and on that predicate opined that plaintiff suffered a permanent partial disability to her knee as a result of the accident (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]).

Citing *Pommells*, defendants argue that plaintiff's failure to explain the gap in treatment between her visits to the chiropractor for physical therapy—which began within days after the accident and continued regularly for 17 months thereafter—and her visit to Dr. Graziosa in November 2003, after defendants moved for summary judgment, is fatal to her claim. This argument is rebutted by the fact, as reflected by the record, that despite plaintiff's attending physical therapy sessions three times a week for the first 10 months, twice a week for the next four months, and thereafter once a week for three months, bringing her up to March 2002, she continued to have pain, weakness and clicking in her knee. From this evidence, the inference is at least reasonable that she stopped attending therapy after 17 months because there was no benefit to continuing the therapy (*see Cruz v American Export Lines*, 67 NY2d 1, 13 [1986], *cert denied sub nom. Bussanich v United States Lines, Inc.*, 476 US 1170 [1986] [denying defendants' motion for summary judgment, "(m)indful that issue finding and not issue resolution is a court's proper function on a motion for summary judgment, and drawing all inferences in plaintiff's favor as we are bound to do"]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]). Then, in connection with this case, plaintiff consulted Dr. Graziosa, who concluded, based on his review of the November 2000 and June 2001 MRI films of plaintiff's left knee, that what was needed to address her injury was not further physical therapy but surgery, apparently confirming the futility of continued physical therapy. In the circumstances, and given this reasonable explanation, the cessation of plaintiff's physical therapy should not bar her claim.