RAFAEL ANGELES, Appellant, v VERSACE INC. et al., Respondents. [2 NYS3d 448]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 2, 2013, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not

sustain an injury involving a "significant" or "permanent consequential" limitation of use of his lumbar spine.

However, plaintiff's submissions do not create an issue of fact. Plaintiff's expert, while opining that the accident caused an injury, failed to address defendants' evidence of degeneration in the x-ray reports of the lumbar spine, which was found in his own records (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014]; *Rosa v Mejia*, 95 AD3d 402, 405 [1st Dept 2012]).

Since there was no evidence of causation, plaintiff cannot establish his 90/180-day injury claim (*see Linton v Gonzales*, 110 AD3d 534, 535 [1st Dept 2013]; *Barry v Arias*, 94 AD3d 499, 500 [1st Dept 2012]).

Given the lack of serious injury, the issue of liability is academic (*see Hernandez v Adelango Trucking*, 89 AD3d 407, 408 [1st Dept 2011]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Richter and Clark, JJ.