■ MARK WALKER, Appellant, v ROBERT C. WHITNEY, III, et al., Respondents. [18 NYS3d 27]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered March 31, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims alleging that he sustained serious injuries to his cervical spine, lumbar spine and left shoulder, unanimously affirmed, without costs.

Defendants established that plaintiff did not sustain serious injuries as a result of the motor vehicle accident (see Insurance Law § 5102 [d]). Defendants submitted the affirmed reports of an orthopedist and neurologist who found full range of motion in all parts, and of a radiologist who found that the MRI films showed degenerative disc disease in the spine, mild acromioclavicular (AC) joint osteoarthritis in the shoulder, and no evidence of causally related injury (see Figueroa v Ortiz, 125 AD3d 491 [1st Dept 2015]).

In opposition, plaintiff failed to raise a triable issue of fact. He submitted no admissible medical evidence in support of his claim of serious injury to his cervical and lumbar spine, and the records did not become admissible merely because defendants' experts reviewed them (see Malupa v Oppong, 106 AD3d 538 [1st Dept 2013]; Clemmer v Drah Cab Corp., 74 AD3d 660 [1st Dept 2010]). The only admissible evidence is an affirmation from plaintiff's orthopedic surgeon, who last examined

plaintiff shortly after the arthroscopic procedure. He indicated that following surgery, plaintiff had a "decreased range of motion in his left shoulder," but did not provide measurements of the actual ranges of motion or a normal value for comparison. He also did not provide evidentiary support for his conclusory statement that plaintiff's shoulder condition is related to the accident, nor did he address the opinions of defendants' experts that any shoulder injury was due to ongoing pathology and degenerative changes (*see Paduani v Rodriguez*, 101 AD3d 470, 471 [1st Dept 2012]). Although the unaffirmed MRI report of plaintiff's radiologist, like that of defendants' expert radiologist, found "mild" hypertrophic changes of the AC joint, plaintiff's expert failed to address those findings and explain why they were not the cause of the injury (*see Batista v Porro*, 110 AD3d 609 [1st Dept 2013]). We note too that the surgeon's statement did not address the conclusions by defendants' doctors that as of 2012, plaintiff had regained a full range of motion in his left shoulder, which is relevant to the claim of permanent injury. Here, plaintiff fails to meet the serious injury threshold (*cf. Fedorova v Kirkland*, 126 AD3d 624 [1st Dept 2015] [plaintiff sufficiently established that at least some of her injuries met the serious injury "no-fault" threshold, warranting denial of defendants' motion to dismiss]). In sum, the surgeon's affirmation does not raise any questions of fact as to whether plaintiff suffered a "permanent consequential limitation" in the use of a body function or system (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]), a "significant limitation" in the use of a body part (*see Lopez v Senatore*, 65 NY2d 1017, 1020 [1985]) or a non-permanent medically determined injury (the "90/180" category of serious injury) (*see Gleissner v LoPresti*, 135 AD2d 494 [2d Dept 1987]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.