Campbell v Drammeh (2018 NY Slip Op 03643)





Campbell v Drammeh


2018 NY Slip Op 03643


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6626 306388/14

[*1]Anthony Campbell, Plaintiff-Appellant,
v
Momodou S. Drammeh, et al., Defendants-Respondents.


Felix Kozak, Brooklyn (Jeff Henle of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Stacy R. Seldin of counsel), for Momodou S. Drammeh and Paraboth Cars, Inc., respondents.
Russo & Tambasco, Melville (Yamile Al-Sullami of counsel), for Kirby Rikona Joseph McKinley, respondent.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about July 7, 2017, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain serious injury within the meaning of Insurance Law § 5102(d) to his cervical or lumbar spine or right shoulder as a result of the motor vehicle accident through the affirmed reports of their radiologist, who found that any claimed injury was the result of preexisting degenerative conditions (see Thomas v NYLL Mgt. Ltd., 110 AD3d 613 [1st Dept 2013]). Defendants submitted plaintiff's orthopedist's findings that the ranges of motion in the allegedly injured right shoulder and the uninjured left shoulder were the same (see Camilo v Villa Livery Corp., 118 AD3d 586 [1st Dept 2014]). In addition, defendants pointed to the evidence that plaintiff ceased all treatment for his claimed injuries within four months after the accident (see Pommells v Perez, 4 NY3d 566, 572 [2005]). They also submitted an MRI report and an operative report contained in plaintiff's own medical records showing shoulder conditions such as bursitis and hypertrophy, which their expert explained were degenerative in nature (see Franklin v Gareyua, 136 AD3d 464 [1st Dept 2016], affd 29 NY3d 925 [2017]; Walker v Whitney, 132 AD3d 478 [1st Dept 2015]).
In opposition, plaintiff failed to raise an issue of fact as to his claimed spinal injuries, since he submitted no opinion about whether those injuries were caused by the accident, rather than degeneration (see Walker, 132 AD3d at 478—79), and no evidence of treatment (see Pommells, 4 NY3d at 572). As for his right shoulder claim, plaintiff's orthopedic surgeon opined before performing surgery that any injuries were causally related to the accident. However, he failed to address or explain either the findings in plaintiff's own MRI of hypertrophic changes and of no acute fracture or dislocation. He also did not address his own operative finding of bursitis (see Franklin v Gareyua, 136 AD3d at 465-466; Walker, 132 AD3d at 478—479). Moreover, plaintiff provided no explanation for his complete cessation of treatment after the surgery (see Pommells, 4 NY3d at 574; Baez v
Rahamatali, 24 AD3d 256 [1st Dept 2005], affd 6 NY3d 868 [2006]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK