Reynoso v Tradore (2020 NY Slip Op 01130)





Reynoso v Tradore


2020 NY Slip Op 01130


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11056 27279/16E

[*1] Arminda Reynoso, Plaintiff-Appellant,
v
Idrissa Tradore, Defendant-Respondent.


Goldstein & Handwerker, LLP, New York (Jason Levine of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered May 16, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint due to plaintiff's inability to establish that her claimed cervical spine injury was a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant satisfied her prima facie burden to show that plaintiff did not sustain a serious injury to her cervical spine by submitting the reports of her experts, including a radiologist and orthopedist, who found that plaintiff's own MRI report showed preexisting degenerative changes not causally related to the accident (see Williams v Laura Livery Corp., 176 AD3d 557, 558 [1st Dept 2019]; Rodriguez v Konate, 161 AD3d 565, 566 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of fact. Her orthopedic surgeon offered only a conclusory opinion of causation, and a physician, who examined her recently, acknowledged generally that plaintiff may or may not have degenerative conditions, but did not address the particular conditions identified in plaintiff's own records, and offered no objective basis for concluding that those conditions were not the cause of the claimed injuries (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]; Francis v Nelson, 140 AD3d 467, 468 [1st Dept 2016]; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]). Nor did that physician reconcile his findings of limitations in range of motion, with the surgeon's earlier finding of "full" normal range of motion within a month after the accident (see Booth v Milstein, 146 AD3d 652, 653 [1st Dept 2017]; Nicholas v Cablevision Sys. Corp., 116 AD3d 567, 568 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK