Attilio v Torres (2020 NY Slip Op 01578)





Attilio v Torres


2020 NY Slip Op 01578


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11228 302985/14

[*1] Jeffrey Attilio, Plaintiff-Respondent,
v
Gerardo Torres, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn, (Alison Estess of counsel), for appellants.
Rodriguez & Nathan PLLC, Rockville Centre (Heather Nathan of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about February 13, 2019, which denied defendants' motion for summary judgment dismissing the complaint for lack of a causally related serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants, who do not dispute that plaintiff has significant and permanent limitations in range of motion of his cervical spine, lumbar spine, and left shoulder, established prima facie that these injuries are not causally related to the subject 2013 motor vehicle accident (see Massillon v Regalado, 176 AD3d 600, 600 [1st Dept 2019]; Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]). Defendants' radiologist opined, based on his review of the relevant MRI films and CT scans, that plaintiff's claimed cervical spine, lumbar spine, and left shoulder injuries were degenerative in nature. In addition, defendants relied on plaintiff's own medical records showing previous treatment of his lumbar spine following a 2007 accident and degenerative conditions in each of the claimed body parts (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Pommells v Perez, 4 NY3d 566, 572 [2005]).
In opposition, plaintiff raised issues of fact as to causation by submitting affirmed reports by his treating orthopedic surgeon, physiatrist, and pain management specialists, who, after reviewing plaintiff's treatment and MRIs and diagnostic scans of the affected body parts, acknowledged the prior accident and the findings of degeneration in plaintiff's records, and explained their respective opinions that plaintiff's claimed injuries were the result of the subject accident, rather than of the prior motor vehicle accident or degeneration (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Ortiz v Boamah, 169 AD3d 486, 488 [1st Dept 2019]). Their opinions were based, in part, on plaintiff being asymptomatic in the years preceding the current accident (id.).
We did not consider the affidavits by defendants' putative expert biomechanical engineer, because they were notarized without the state and not accompanied by the requisite certificate of conformity (see CPLR 2309[c]; see generally Midfirst Bank v Agho, 121 AD3d 343, 350 [2d Dept 2014]). Moreover, the technical defect was not corrected, despite plaintiff's timely objection in opposition to defendants' motion (compare Sanchez v Oxcin, 157 AD3d 561, 563 [1st Dept 2018] ["assuming" burden shifted to plaintiff based on engineer's unsworn report, "since she did not object to its form"]; Shinn v Catanzaro, 1 AD3d 195, 197-198 [1st Dept 2003] [defendant's argument that plaintiffs' submissions were not in admissible form was unpreserved for appellate review and therefore waived]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK