Monahan v Reyes (2020 NY Slip Op 03287)





Monahan v Reyes


2020 NY Slip Op 03287


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11644 301202/14

[*1] Belkis Monahan, Plaintiff-Appellant,
v
Juan O. Reyes, et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 13, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she suffered a serious injury to her cervical spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden to show that plaintiff did not sustain a serious injury to her cervical spine by submitting the report of their orthopaedic surgeon, who found that plaintiff's own MRI report showed preexisting degenerative changes not causally related to the accident (see Reynoso v Tradore, 180 AD3d 531, 531 [1st Dept 2020]; Campbell v Drammeh, 161 AD3d 584, 585 [1st Dept 2018]). Although the orthopaedic surgeon did not compare plaintiff's range of motion to normal values, he found no objective evidence of injury upon recent examination using diagnostic tests (see Rodriguez v Konate, 161 AD3d 565, 566 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of fact. None of her experts addressed the evidence of preexisting degenerative conditions shown in her own medical records or explained why they could not have been the cause of her conditions (see Williams v Laura Livery Corp., 176 AD3d 557, 558 [1st Dept 2019]; Auquilla v Singh, 162 AD3d 463, 464 [1st Dept 2018]). Plaintiff's experts also failed to adequately address a prior motor vehicle accident which resulted in alleged neck injuries or to negate any inference that that accident was the cause of her current conditions (see Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK