Gjoleka v Caban (2020 NY Slip Op 06390)





Gjoleka v Caban


2020 NY Slip Op 06390


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Moulton, JJ. 


Index No. 27644/16 Appeal No. 12308 Case No. 2020-01191 

[*1]Joana Gjoleka, Plaintiff, Inxhi Gjoleka et al., Plaintiffs-Respondents,
v
Alexis Caban et al., Defendants-Appellants.


Law Office of Thomas Torto, New York (Thomas Torto of counsel), for appellants.
The Cakani Law Firm, P.C., New York (Ylli Cakani of counsel), for respondents.



Order, Supreme Court, Bronx County (Shawndya L. Simpson, J.), entered on or about June 13, 2019, which denied defendants' motion for summary judgment dismissing the complaint of plaintiffs Inxhi Gjoleka (Inxhi) and Halim Gjoleka (Halim) for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Defendants established prima facie that plaintiffs suffered neither a permanent consequential limitation of use nor a significant limitation of use of their cervical and lumbar spines through the affirmed report of their expert orthopedic surgeon, who documented full range of motion in plaintiffs' necks and backs and no objective symptoms to support their claims of injury (see Bianchi v Mason, 179 AD3d 567, 567 [1st Dept 2020]; Cano v U-Haul Co. of Ariz., 178 AD3d 409, 409 [1st Dept 2019]; Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]). Defendants also established prima facie a lack of causation through their expert radiologist's affirmed reports finding, based on her review of the MRIs of plaintiffs' neck and back, that the claimed injuries are chronic and degenerative in nature and not causally related to the accident (see Attilio v Torres, 181 AD3d 460, 460 [1st Dept 2020]; Blake v Cadet, 175 AD3d 1199, 1199-1200 [1st Dept 2019]; Auquilla v Singh, 162 AD3d 463, 463 [1st Dept 2018]).
In opposition, plaintiffs failed to raise an issue of fact as to causation. Because the MRI reports of Inxhi's cervical spine and Halim's cervical and lumbar spine noted degenerative conditions, such as bony foraminal changes, disc desiccation and dehydration, and spurring, plaintiffs' treating neurologist was required to address the issue (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Since he did not do so, his opinion that those injuries were causally related to the accident was conclusory and insufficient to rebut defendants' prima facie showing (see Monahan v Reyes, 184 AD3d 460, 461 [1st Dept 2020]; Reynoso v Tradore, 180 AD3d 531, 531 [1st Dept 2020]; Cano, 178 AD3d at 410). While Inxhi's lumbar spine MRI did not reveal any degenerative conditions, her treating neurologist nevertheless failed to provide any reason for his conclusions either that those bulges and herniations were causally related to the accident or disagreeing with defendants' expert radiologist's opinion that those conditions, too, were degenerative in origin. Accordingly, the treating neurologist's conclusory opinion that Inxhi's cervical spine injuries were causally related to the accident also failed to raise an issue of fact (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]; Walker v Whitney, 132 AD3d 478, 479 [1st Dept 2015]).
Plaintiffs' permanent loss of use and 90/180-day claims are dismissed as abandoned, since they did not oppose so much of defendants' motion as sought dismissal of those claims, and they do not defend them on appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]; see also Pineda v Moore, 111 AD3d 577, 578 [1st Dept 2013]; Santos v Perez, 107 AD3d 572, 574 [1st Dept 2013]). In any event, since plaintiffs' evidence acknowledges that they have some, albeit limited, range of motion in their neck and back, they have not suffered a total loss of use of those body parts (see Oberly v Bangs Ambulance, 96 NY2d 295 [2001]; Riollano v Leavey, 173 AD3d 494, 495 [1st Dept 2019]). The 90/180-day claims also should have been dismissed, since plaintiffs testified that they each were out of work for no more than roughly one month after the accident (see e.g. Bianchi, 179 AD3d at 568; Blake, 175 AD3d at 1199; Pouchie, 173 AD3d at 645). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020