Xiu F. Wang v Levy (2021 NY Slip Op 00099)





Xiu F. Wang v Levy


2021 NY Slip Op 00099


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 20820/13E Appeal No. 12296 Case No. 2020-01599 

[*1]Xiu F. Wang, Plaintiff-Appellant,
v
Cara S. Levy et al., Defendants-Respondents, Felix Delgado et al., Defendants.


Law Offices of Gary S. Park, P.C., Flushing (Xue Chang of counsel), for appellant.
Havkins Rosenfeld & Ritzert, LLP, Mineola (Gail L. Ritzert of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about August 6, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Cara S. Levy and The Institutes of Applied Human Dynamics Inc.'s (hereinafter, defendants) motion for summary judgment dismissing the claim of serious injury to the lumbar spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury to his lumbar spine by submitting plaintiff's MRI report of his lumbar spine and the report of their orthopedic surgeon, who opined that the conditions identified in the MRI report, including osteophytes, were indicative of chronic multilevel disc disease, which preexisted the subject motor vehicle accident (see Sosa-Sanchez v Reyes, 162 AD3d 414 [1st Dept 2018]; Khanfour v Nayem, 148 AD3d 426 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact as to causation, as none of his physicians adequately addressed the evidence of preexisting conditions in his own medical records or explained why the preexisting conditions could not have been the cause of his current complaint (see Monahan v Reyes, 184 AD3d 460, 461 [1st Dept 2020]; Reynoso v Tradore, 180 AD3d 531 [1st Dept 2020]; Sosa-Sanchez v Reyes, 162 AD3d at 414).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021