Krmic v Corrie (2025 NY Slip Op 00787)

Krmic v Corrie

2025 NY Slip Op 00787

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., Gonzalez, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 33353/19 Appeal No. 3656 Case No. 2024-01631 

[*1]Nikola Krmic, et al., Plaintiffs-Appellants,
v
Andrew J. Corrie, et al., Defendants-Respondents.

Ras Associates, PLLC, Purchase (Paul E. Carney of counsel), for appellants.
Scahill Law Group P.C., Bethpage (Gerard Ferrara of counsel), for Andrew J. Corrie, respondent.
Carman, Callahan & Ingham, LLP, Farmingdale (Anne P. O'Brien of counsel), for Charlie Xavier Salamanca Roman, respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 18, 2024, which granted the motion of defendant Andrew J. Corrie and the cross-motion of defendant Charlie Xavier Salamanca Roman for summary judgment dismissing the complaint as against them on the grounds that plaintiff Nikola Krmic's injuries do not meet the serious injury threshold of Insurance Law § 5102(d), and denied as moot plaintiffs' cross-motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiffs allege that the injured plaintiff sustained a whiplash-type injury to his cervical spine in a December 2016 collision involving a vehicle owned by Corrie and driven by Roman. Defendants demonstrated prima facie that plaintiff did not sustain a serious injury involving "permanent" or "significant" limitations in use that were causally related to the collision. Defendants submitted a radiologist's expert opinion stating that the positive findings seen in the post-collision CT scan and MRI images, including multiple osteophyte disc complexes and spondylosis, were degenerative and pre-existing conditions (see Antepara v Garcia, 194 AD3d 513, 513 [1st Dept 2021]; Rickert v Diaz, 112 AD3d 451, 452 [1st Dept 2013]). The radiologist's detailed opinion established prima facie the absence of a causal nexus between those injuries and the December 2016 collision (see Henchy v VAS Express Corp., 115 AD3d 478, 479 [1st Dept 2013]). 
Although defendants' neurologist, who performed an independent medical examination, found some range of motion limitation in one plane of plaintiff's cervical spine, he noted that the post-collision medical records of plaintiff's own orthopedic surgeon found that in the months following the collision, plaintiff had normal or near-normal range of motion in his cervical spine and no myelopathy. Furthermore, defendants' neurologist noted, the MRI report of plaintiff's orthopedic surgeon showed a degenerative condition. Based on his own examination of plaintiff and his review of plaintiff's medical records, defendants' neurologist concluded that any sprain or strain that plaintiff sustained as a result of the collision occurred in the setting of preexisting degenerative cervical disc disease and spondylosis, as shown in plaintiff's own MRI reports. The neurologist also concluded that plaintiff's surgery and any limitations were caused by his progressing degenerative conditions, not by the collision (see e.g. Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 436-437 [1st Dept 2018]).
In opposition, plaintiffs failed to raise an issue of fact. Plaintiffs submitted an unaffirmed MRI report, which found degenerative conditions in plaintiff's cervical spine, and unaffirmed medical records of plaintiff's orthopedic surgeon, which showed that plaintiff had normal or near-normal range of motion in his cervical spine contemporaneous with the collision. This evidence undermines plaintiffs' claim that the collision caused a serious injury involving [*2]significant limitations in the range of motion (see Natera v Veloz Livery Rentals Inc., 206 AD3d 428, 429 [1st Dept 2022]; see also Haniff v Khan, 101 AD3d 643, 644 [1st Dept 2012]).
The only admissible evidence that plaintiffs submitted was the report of a consulting orthopedic surgeon who examined the injured plaintiff once, six years after the collision, and found limitations in his range of motion. This examination was too remote in time to raise an inference that any limitations were causally related to the collision (see Antepara, 194 AD3d at 513). The expert also failed to reconcile his current findings of limitations with plaintiff's treating orthopedist's findings of near normal range of motion in the months after the collision; this suggests that the recent limitations were caused by the progressing degenerative condition and surgery, and not by the collision (see Blumenberg v Lora, 193 AD3d 445, 446 [1st Dept 2021]).
Moreover, because plaintiff's own medical records confirm that he had degenerative conditions in his cervical spine, his expert was required to explain why those conditions were not the cause of the complaints that led to his surgery (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). However, plaintiffs' expert provided only a conclusory opinion that failed to adequately give such an explanation (see Antepara 194 AD3d at 513; Gjoleka v Caban, 188 AD3d 458, 459 [1st Dept 2020]).
With respect to plaintiff's 90/180-day claim, the lack of causation defeats that claim(see Angeles v Versace Inc., 124 AD3d 544, 545 [1st Dept 2015]). In any event, defendants sustained their burden by relying on plaintiff's own testimony that he returned to work as a cleaner two weeks after the collision, and plaintiffs did not submit any evidence sufficient to raise an issue of fact (see Rodriguez v Moss, 224 AD3d 418, 419 [1st Dept 2024]).
Given the lack of serious injury, the issue of liability is academic, and plaintiffs' cross-motion for summary judgment was properly denied (see Angeles, 124 AD3d at 544).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025