McKenzie-Moses v Lelcaj (2025 NY Slip Op 02651)

McKenzie-Moses v Lelcaj

2025 NY Slip Op 02651

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Index No. 35480/19|Appeal No. 4237|Case No. 2024-01523|

[*1]Lurline McKenzie-Moses, Plaintiff-Respondent,
v
Kristina Lelcaj, et al., Defendants, Shyyella Mason, et al., Defendants Appellants.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for appellants.
Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered November 29, 2023, which, to the extent appealed from as limited by the briefs, denied defendants Shyyella Mason and Medic East Corp.'s (defendants) motion for summary judgment dismissing the complaint and all cross-claims against them on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and, upon a search of the record, defendants Kristina Lelcaj and Adnan Awan's motion for summary judgment dismissing the complaint against them granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendants demonstrated prima facie that plaintiff did not sustain a serious injury to her cervical spine or shoulders by submitting the affirmed reports of an orthopedist who found that plaintiff had only minor limitations in range of motion that were either subjective or related to her body habitus (see Nadim v Gadi Inc., 190 AD3d 648, 648 [1st Dept 2021]). In addition, defendants submitted the report of a radiologist who opined that MRIs showed that plaintiff's cervical and lumbar spine were normal, so that there was no objective evidence of injury (see Macdelinne F. v Jimenez, 126 AD3d 549, 550 [1st Dept 2015]), and that the MRI findings of tendinopathy in her shoulders were a preexisting degenerative condition not causally related to the motor vehicle accident (see Brito v Bethlehem Haulage, LLC, 232 AD3d 533, 533 [1st Dept 2024]).
In opposition, plaintiff failed to raise a triable issue of fact. As for the claimed cervical and lumbar spine injuries, plaintiff's unaffirmed MRI reports do not become admissible "merely because defendants' experts reviewed them" (Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]). Thus, plaintiff did not submit any admissible evidence to refute the opinion of defendants' radiologist that the MRIs of plaintiff's cervical and lumbar spine were normal (see Rodriguez v Santos, 235 AD3d 564 [1st Dept 2025]; Green v Domino's Pizza, LLC, 140 AD3d 546, 546 [1st Dept 2016]).
As for plaintiff's claimed shoulder injuries, her doctor's report provided only a conclusory opinion that all her injuries were causally related to the accident, without providing any reasons to support that opinion or address whether the tendinopathy noted in plaintiff's unaffirmed MRIs is degenerative. Thus, the opinion was insufficient to raise an issue of fact as to whether the claimed shoulder injuries are causally related to the motor vehicle accident (see Gjoleka v Caban, 188 AD3d 458, 458-459 [1st Dept 2020]; Walker v Whitney, 132 AD3d 478, 479 [1st Dept 2015]). Moreover, plaintiff's doctor did not examine her until more than five years after the November 2017 accident, "which is too remote to raise an inference that any limitations were causally related to the accident" (Antepara v Garcia, 194 AD3d 513, 513-514 [1st Dept 2021]), and plaintiff did not submit any evidence [*2]of limitations contemporaneous with the accident, which is relevant to proof of causation (see Perl v Meher, 18 NY3d 208, 217-218 [2011]; Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]).
Since plaintiff cannot meet the serious injury threshold, upon a search of the record, the complaint is dismissed as to all defendants, including those who did not appeal (Morales v Cabral, 177 AD3d 556, 558 [1st Dept 2019]; Vasquez v Almanzar, 107 AD3d 538, 541 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025