■ SAMUEL A. JENKINS, Appellant, v PATRICK C. MURTAGH, Respondent, et al., Defendant. [51 NYS3d 883]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered May 13, 2016, which granted the motion of defendant Patrick C. Murtagh for summary judgment dismissing the complaint due to plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law. Defendant submitted, inter alia, plaintiff's medical records, including a CT scan performed about five months before the accident which found multiple bulging discs and a possible herniated disc, and a report of his chiropractor that found range of motion within normal limits one month after the accident (*see Cattouse v Smith*, 146 AD3d 670 [1st Dept 2017]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether limitations found by his expert three years after the accident were causally related to the accident, in light of the preexisting conditions shown in plaintiff's medical records (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]). Plaintiff's expert did not explain why the alleged limitations were attributable to the accident, as opposed to the preexisting conditions (*see Kamara v Ajlan*, 107 AD3d 575, 576 [1st Dept 2013]). Furthermore, the expert's opinion as to causation is speculative, because he failed to reconcile his findings with the earlier full range of motion findings by plaintiff's chiropractor (*see Colon v Torres*, 106 AD3d 458 [1st Dept 2013]). Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.