Bianchi v Mason (2020 NY Slip Op 00504)





Bianchi v Mason


2020 NY Slip Op 00504


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10860A 10860

[*1] Alison Bianchi, Plaintiff-Appellant,
v
Richard Mason, et al., Defendants-Respondents.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville (Michael E. Bergman of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 30, 2018, which granted defendants' motion for summary judgment dismissing the complaint for failure to meet the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to the claim of significant limitation of use of the cervical spine, and otherwise affirmed, without costs. Order, same court and Justice, entered April 11, 2019, to the extent it denied plaintiff's motion for leave to renew with respect to the gap in treatment, unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury to her cervical spine or left hip through the opinions of their orthopedic surgeon and neurologist that she had normal range of motion and her claimed injuries had resolved (see e.g. Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]). The orthopedist's findings of minor limitations did not defeat defendants' initial showing that plaintiff did not have either significant or permanent limitation in the use of her cervical spine (see Alverio v Martinez, 160 AD3d 454, 454 [1st Dept 2018]). Defendants also established prima facie that plaintiff's claimed injuries were not causally related to the subject accident through the affirmation of their radiologist, who found only degenerative conditions, and no bulging or herniated discs, in the MRIs (see e.g. Blake v Cadet, 175 AD3d 1199, 1199-1200 [1st Dept 2019]). Moreover, defendants identified a gap in plaintiff's treatment, thus shifting the burden to plaintiff to "offer some reasonable explanation" for the cessation of her treatment (Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff raised an issue of fact as to her claim of "significant" limitation of use of her cervical spine (see Arias v Martinez, 176 AD3d 548, 549 [1st Dept 2019]; Blake, 175 AD3d at 1200; Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437 [1st Dept 2018]). She submitted her radiologist's affirmed MRI report, which found bulging and herniated discs, as well as her treating physicians' records documenting limitations in range of motion shortly after the accident, nine months later, and recently, which they causally related to the accident. Given plaintiff's relatively young age at the time of the accident, and the lack of any evidence of prior treatment or symptoms in her own medical records, these opinions were sufficient to raise an issue of fact as to causation (see Blake, 175 AD3d at 1200; Fathi v Sodhi, 146 AD3d 445, 446 [1st Dept 2017]). However, since plaintiff offered no explanation for the 16-month gap in her treatment beginning more than a year after the accident, she failed to raise an issue of fact as to whether she sustained a cervical spine injury in the "permanent consequential" limitation of use category (see Blake, 175 AD3d at 1200; Holmes v Brini Tr. Inc., 123 AD3d 628, 628-629 [1st Dept 2014]).
Plaintiff failed to raise an issue of fact as to any serious injury to her left hip, since her own medical records indicated that she had full range of motion in the hip within four months after the accident (see Heywood v New York City Tr. Auth., 164 AD3d 1181 [1st Dept 2018], lv [*2]denied 32 NY3d 913 [2019]). Moreover, she failed to submit any medical evidence to dispute the opinion of defendants' radiologist that tendinosis, a condition noted in plaintiff's own MRI report, is a degenerative condition unrelated to the accident (see Paduani v Rodriguez, 101 AD3d 470, 471 [1st Dept 2012]). Since plaintiff did not raise an issue of fact as to causation with respect to her left hip injury, she cannot recover for that injury, regardless of whether a jury finds that her cervical spine injury constitutes a serious injury (Taylor v Delgado, 154 AD3d 620, 621 [1st Dept 2017]).
Plaintiff's 90/180-day claim was correctly dismissed based on her deposition testimony that she was not confined to bed or home, and did not miss more than five days of work, as a result of the accident (see Pouchie v Pichardo, 173 AD3d 643, 645 [1st Dept 2019]; see also Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]).
The court correctly denied plaintiff's motion for leave to renew with respect to the gap-in-treatment issue, because her "new facts" would not change the prior determination, and she failed to provide reasonable justification for failing to present those facts on the prior motion (CPLR 2221[e][2], [3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK