Stovall v New York City Tr. Auth. (2020 NY Slip Op 01705)





Stovall v New York City Tr. Auth.


2020 NY Slip Op 01705


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11254 309048/12

[*1] Tanya Stovall, Plaintiff-Appellant,
v
The New York City Transit Authority, et al., Defendants, Davidson C. Lewis, et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Burke, Conway & Stiefeld, White Plains (Michelle J. Piantadosi of counsel), for Davidson C. Lewis, respondent.
James G. Bilello & Associates, Hicksville (Katie A. Walsh of counsel), for Samantha A. Lisowy and Edward Lisowy, respondents.



Order, Supreme Court, New York County (Mitchell J. Danziger, J.), entered on or about January 11, 2019, which granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's inability to establish that she suffered a serious injury to her cervical spine or lumbar spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden by submitting the reports of their orthopedic surgeons, who found only slight limitations in one plane of each body part, and opined that plaintiff's injuries had resolved (see Alverio v Martinez, 160 AD3d 454, 454 [1st Dept 2018]); Green v Domino's Pizza, LLC, 140 AD3d 546, 546 [1st Dept 2016]). Their experts set forth the findings in plaintiff's own MRI and x-ray reports of degenerative conditions in the cervical and lumbar spine. In addition, defendants noted that plaintiff had ceased all treatment within months of the accident.
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's neurologist, who did not examine her until over two years after the accident, found that she had no range of motion limitations in her cervical spine and only minor limitations in her lumbar spine (see Mendoza v L. Two Go, Inc., 171 AD3d 462, 462 [1st Dept 2019]; Nakamura v Montalvo, 137 AD3d 695, 696 [1st Dept 2016]). Further, plaintiff's expert failed to address the evidence of degeneration noted on her own MRI and x-ray reports, or explain why the degenerative conditions could not have caused her limitations (see Williams v Laura Livery Corp., 176 AD3d 557, 558 [1st Dept 2019]; Auquilla v Singh, 162 AD3d 463, 464 [1st Dept 2018]). Finally, plaintiff's affidavit stating that she stopped treatment because her insurance coverage stopped conflicts with her earlier sworn testimony that she stopped because she felt better, and thus created only a feigned issue of
fact insufficient to defeat defendants' properly supported motions for summary judgment (Alston v Elliott, 159 AD3d 575, 575-576 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK