Olivare v Tomlin (2020 NY Slip Op 06059)





Olivare v Tomlin


2020 NY Slip Op 06059


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 303336/16 Appeal No. 12179 Case No. 2019-03656 

[*1]Jonathan Olivare, Plaintiff-Appellant,
v
William Tomlin, et al. , Defendants-Respondents.


Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Jay S. Gunsher of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about August 7, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury to the right knee (Insurance Law § 5102[d]), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not sustain a serious injury to his right knee by submitting the report of their orthopedic surgeon, who found only a slight limitation in range of motion and opined that plaintiff's injury had resolved (see Stovall v New York City Tr. Auth., 181 AD3d 486 [1st Dept 2020]; Bianchi v Mason, 179 AD3d 567 [1st Dept 2020]). Defendants also submitted plaintiff's deposition testimony acknowledging that he was physically limited for about six days after the accident and his orthopedist's report acknowledging that his MRI was unremarkable except for an unrelated condition.
In opposition, plaintiff failed to raise an issue of fact. His expert did not compare the measured range of motion in his right knee to normal values (see Campbell v Wendt, 152 AD3d 413 [1st Dept 2017]; Stevens v Bolton, 135 AD3d 647 [1st Dept 2016]) or explain the orthopedist's finding a year earlier of greater range of motion (see Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011]). Plaintiff's expert also failed to address the absence of objective evidence of injury related to the accident in plaintiff's MRI (see Monahan v Reyes, 184 AD3d 460 [1st Dept 2020]; Williams v Laura Livery Corp., 176 AD3d 557 [1st Dept 2019]). The medical records show at most a minor or insignificant injury that does not constitute a serious injury resulting in significant or permanent limitation in use of the right knee (Gaddy v Eyler, 79 NY2d 955 [1992]).
Plaintiff's allegations in his bill of particulars that he was confined to bed for six days and home for 11 days after the accident and his deposition testimony that he was confined to bed for about one or two days after the accident defeat his 90/180-day injury claim (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020