Dellino v Puello (2020 NY Slip Op 07270)





Dellino v Puello


2020 NY Slip Op 07270


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 25804/16E Appeal No. 12543 Case No. 2019-5777 

[*1]Yanirys Dellino, Plaintiff-Appellant,
v
Christian Puello et al., Defendants-Respondents.


Andrew Park, PC, New York (Andrew Park of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York (Aryeh L. Roskies of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered July 26, 2019, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden by submitting the reports of their neurologist and orthopedist, who found only slight limitations in plaintiff's right knee, and opined that plaintiff's examination was objectively normal with no objective evidence of any deficits, and that plaintiff's claimed injury was not causally related to the subject accident (see [*2]Stovall v New York City Tr. Auth., 181 AD3d 486 [1st Dept 2020]; Bianchi v Mason, 179 AD3d 567 [1st Dept 2020]). Defendants also relied on plaintiff's own medical records, which showed that within a week after the subject accident plaintiff sought treatment from a doctor for various other injuries allegedly sustained in a prior accident, but made no complaints concerning her right knee, and that another doctor treating her in connection with the prior injuries found her right knee had no signs of injury and normal range of motion about three weeks after the accident (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to raise an issue of fact. Her expert failed to reconcile his findings of restricted range of motion four months after the subject accident with the earlier finding of full range of motion by plaintiff's emergency pain physician three days after the accident (see Jenkins v Murtagh, 150 AD3d 482, 483 [1st Dept 2017]; Booth v Milstein, 146 AD3d 652 [1st Dept 2017]). The lack of any evidence of contemporaneous treatment of her right knee also undermines plaintiff's claim that she sustained a causally related injury (see Rosa v Mejia, 95 AD3d 402 [1st Dept 2012]).
Defendants are entitled to dismissal of the 90/180-day claim in the absence of a causal connection between plaintiff's right knee condition and the subject accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). Furthermore, according to plaintiff's testimony, she was confined to home for only three days after the accident (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020