Marcelo v Fabius (2021 NY Slip Op 03552)





Marcelo v Fabius


2021 NY Slip Op 03552


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 31673/17 Appeal No. 14018 Case No. 2020-04485 

[*1]Kaisy Y. Marcelo, Plaintiff-Appellant,
v
Jean-Berny Fabius, et al., Defendants-Respondents.


Latos, Latos & Associates, PC, Astoria (Marina Zapantis of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about September 14, 2020, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that she suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff's claims of serious injury involving significant or permanent consequential limitation of use of her lumbar spine, right shoulder, and right knee, and otherwise affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain a serious injury to her lumbar spine, right shoulder, and right knee by submitting the report of their orthopedic surgeon, who found that plaintiff had normal range of motion and that her alleged injuries had resolved (see Reyes-Mendez v City of New York, 192 AD3d 464, 465 [1st Dept 2021]; Grate v Rodrigues, 179 AD3d 440, 441 [1st Dept 2020]). Defendants also submitted the affirmed report of a radiologist, who opined that the MRI of plaintiff's lumbar spine revealed conditions that were degenerative and not causally related to the accident. The orthopedic surgeon also opined that the MRI reports of plaintiff's lumbar spine, right shoulder, and right knee showed conditions consistent with degeneration, although he did not state why or address the findings in the reports of fluid consistent with a recent trauma.
In opposition, plaintiff raised an issue of fact as to whether her injuries were significant, permanent and causally related to the accident. Contrary to defendants' contention, plaintiff submitted a contemporaneous evaluation report that was affirmed by her physician the day after the accident, and which documented limitations in range of motion. Plaintiff also submitted certified medical records, including MRI and operative reports, which may be considered for the purpose of demonstrating that she sought medical treatment for her claimed injuries contemporaneously with the accident (see Moreira v Mahabir, 158 AD3d 518, 519 [1st Dept 2018]; Vishevnik v Bouna, 147 AD3d 657, 659 [1st Dept 2017]). Thus, to the extent contemporaneous proof of treatment is relevant to proof of causation (see Rosa v Mejia, 95 AD3d 402 [1st Dept 2012]), plaintiff's showing was sufficient. Plaintiff also provided the affirmed report of a physician who found continuing significant limitations in range of motion and opined that plaintiff's injuries were causally related to the accident which, given the lack of any evidence in plaintiff's own medical records of preexisting conditions or prior injuries, presented a "different, yet altogether plausible, cause of the injuries," namely, the accident (Montoya v Rosenberger, 176 AD3d 581, 582 [1st Dept 2019]; see Holloman v American United Transp. Inc., 162 AD3d 423, 424 [1st Dept 2018]).
However, defendants are entitled to dismissal of the 90/180-day claim based on plaintiff's testimony that she was not [*2]confined to home or bed for any period of time following the accident (see Olivare v Tomlin, 187 AD3d 642, 643 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021