Rivera v Lopez-Reyes (2022 NY Slip Op 01888)





Rivera v Lopez-Reyes


2022 NY Slip Op 01888


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 20620/19 Appeal No. 15537 Case No. 2021-00364 

[*1]Angel Rivera, Plaintiff-Appellant,
v
Jorge Lopez-Reyes Doing Business as Mr. Softee of the Bronx, Inc., et al., Defendants-Respondents.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Scahill Law Group, P.C., Bethpage (Gerard Ferrara of counsel), for respondents.



Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered December 22, 2020, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical spine, lumbar spine, or left shoulder by submitting the reports of their orthopedic surgeon and neurologist, who found that plaintiff had normal range of motion and opined that the alleged injuries had resolved with no permanent or residual effects (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541, 541 [1st Dept 2021]; Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]). Defendants' orthopedic surgeon's finding of slight limitation in range of motion in his lumbar spine did not defeat defendants' prima facie showing (see Olivare v Tomlin, 187 AD3d 642, 643 [1st Dept 2020]; see Stovall v New York City Tr. Auth., 181 AD3d 486, 486 [1st Dept 2020]).
In opposition, plaintiff failed to raise an issue of fact since he submitted no properly affirmed medical reports, but only certified medical records, which may be considered only for limited purposes, such as showing that plaintiff sought treatment after the accident (see Gomez v Davis, 146 AD3d 456 [1st Dept 2017]). The records did not become admissible simply because defendants' experts reviewed them, because the defense experts did not rely on them (see Cortez v Bray, 192 AD3d 451, 451 [1st Dept 2021]; Walker v Whitney, 132 AD3d 478, 478 [1st Dept 2015]; Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]). Although defendants' orthopedist relied on plaintiff's emergency room records in support of his opinion, those records, if considered, do not support plaintiff's claim of serious injury.
Plaintiff's allegation in his bill of particulars that he was confined to bed for approximately one month after the accident, and his testimony that he began working about one month after the accident defeats his 90/180-day claim (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]; Streeter v Stanley, 128 AD3d 477, 478 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022