Celestine v Bonte (2024 NY Slip Op 05400)

Celestine v Bonte

2024 NY Slip Op 05400

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ.

Index No. 24190/20 Appeal No. 2955 Case No. 2023-04712 

[*1]Victor Celestine, Plaintiff-Appellant,
v
Brianna Bonte et al., Defendants-Respondents.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.
Smith Mazure, PC, New York (Louise M. Cherkis of counsel), for Brianna Bonte and Empress Ambulance Service LLC, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about August 1, 2023, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Brianna Bonte and Empress Ambulance Service LLC for summary judgment dismissing plaintiff's claims on the ground that he did not meet the serious injury threshold of Insurance Law § 5102(d) to the extent of dismissing plaintiff's claims alleging serious injury to his right elbow and right ankle and his 90/180-day claim, unanimously affirmed, without costs.
Defendants do not appeal from that part of the order denying their motion seeking to dismiss plaintiff's claims that he sustained serious injuries to his cervical spine, lumbar spine, right knee, and right shoulder. It is well settled that if a jury determines that the plaintiff has met the threshold for serious injury for any of his injuries, then it may award him damages for all injuries causally related to the accident, including those that do not meet the serious injury threshold, like the claimed injuries to his right elbow and right ankle (see Morales v Cabral, 177 AD3d 556, 558 [1st Dept 2019]; Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Contrary to defendants' contention on appeal, there has been no finding that the claimed right elbow and right ankle injuries were not causally related to the accident. Accordingly, the order appealed from does not preclude plaintiff from presenting evidence of the injuries sustained to his elbow and ankle at trial.
The court properly dismissed plaintiff's 90/180-day claim based on his deposition testimony that he was not advised by any of his treating medical providers to refrain from returning to work and in fact did return to work five weeks after the accident (see Rivera v Lopez-Reyes, 203 AD3d 554, 555 [1st Dept 2022]; Blake v Cadet, 175 AD3d 1199, 1200 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024