Solano v American United Transp. Inc. (2025 NY Slip Op 06298)

Solano v American United Transp. Inc.

2025 NY Slip Op 06298

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 25172/20|Appeal No. 5170|Case No. 2024-03342|

[*1]Shabrina Solano, Plaintiff-Appellant,
v
American United Transportation Inc. et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for appellant.
Shafer Partners, LLP, New York (Matthew A. McDonough of counsel), for American United Transportation Inc. and Raul Torres de Jesus, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 6, 2024, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability as moot, and granted defendants' cross-motions for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny so much of defendants' cross-motions as was for summary judgment dismissing plaintiff's claims of significant limitation of use, and to grant plaintiff's motion to the extent of finding no culpable conduct by plaintiff on the issue of liability, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained serious injuries to her cervical and lumbar spine, right shoulder, and right knee on November 23, 2018, while she was a passenger in a motor vehicle being driven by defendant Julio Alfredo Garcia that was struck by a motor vehicle owned by defendant American United Transportation Inc. and being driven by defendant Raul Torres de Jesus.
Defendants established prima facie that plaintiff effectively ceased all treatment for her injuries related to the motor vehicle accident after November 17, 2020, requiring an explanation from plaintiff as to why she stopped (see generally Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]; Pommells v Perez, 4 NY3d 566, 574 [2005]). In opposition, neither plaintiff nor her treating physicians offered any such explanation. Although plaintiff testified that she stopped treating because she was no longer feeling any improvement, this claim is belied by her medical records, in which her treating physicians both recommended that plaintiff continue treatment (see Gonzalez v A.V. Managing, Inc., 37 AD3d 175, 176 [1st Dept 2007]). Accordingly, plaintiff's claims of permanent consequential limitation of use were properly dismissed (see e.g. Bianchi v Mason, 179 AD3d 567, 568 [1st Dept 2020]; Morales v Cabral, 177 AD3d 556, 557-558 [1st Dept 2019]).
Regarding plaintiff's claims of significant limitation of use to her right shoulder, defendants failed to meet their prima facie burden, as their expert physician did not examine or offer any opinion with regard to that body part, and defendants submitted no other evidence in connection therewith (see Pouchie v Pichardo, 173 AD3d 643, 643 [1st Dept 2019]).
As to plaintiff's claims of significant limitation of use to her cervical spine, lumbar spine, and right knee, defendants did not establish prima facie the absence of objective medical evidence of injuries or abnormalities, given that their expert did not review the MRIs of those body parts (see e.g. Jackson v Leung, 99 AD3d 489, 489 [1st Dept 2012]). Defendants also did not meet their prima facie burden on causation, insofar as their expert opined that plaintiff sustained causally related cervical and lumbar spine and knee strain as a result of the accident (see Henry v Carr, 161 AD3d 424, 424 [1st Dept 2018]).
Defendants established prima facie the absence of medical findings of resulting limitations through the quantified range of motion testing that their expert performed, which found normal range of motion in all planes of motion in all three body parts (see Pouchie, 173 AD3d at 644). However, plaintiff raised issues of fact through her treating physicians' examinations, which found range-of-motion limitations in nearly all planes of motion in all three body parts (see e.g. Nwanji v City of New York, 190 AD3d 650, 651 [1st Dept 2021]).
Plaintiff's 90/180-day claim was properly dismissed based on her deposition testimony that she missed less than one week of work after the accident (see e.g. Rodriguez v Moss, 224 AD3d 418, 419 [1st Dept 2024]; Coombs v Zelekowitz, 197 AD3d 1032, 1032 [1st Dept 2021]; Bianchi, 179 AD3d at 568).
Finally, in view of our reinstatement of plaintiff's claims of significant limitation of use, her liability-related summary judgment motion should be granted to the extent of finding no culpable conduct by her on the issue of liability, insofar as there is no meaningful dispute that she was anything other an innocent passenger at the time of the accident (see generally Oluwatayo v Dulinayan, 142 AD3d 113 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025